UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal Case No. CR 20-104 (NEB/TNL)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MOTION TO DISMISS INDICTMENT** |
| ) | **FOR FAILURE TO STATE OFFENSE** |
| MATTHEW LEE RUPERT, ) | |
| ) | |
| Defendant. ) | |

PLEASE TAKE NOTICE that Defendant Matthew Lee Rupert, through undersigned counsel, hereby moves the Court for an Order dismissing the Indictment against him on the grounds that the counts charged in the Indictment fail are not supported by sufficient factual allegations to state certain offenses against Mr. Rupert. An indictment adequately states an offense if "it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution." United States v. Hirsch, 360 F.3d 860, 863 (8th Cir.2004); United States v. Sewell, 513 F.3d 820, 821 (8th Cir. 2008).

Count 1 of the Indictment charges Mr. Rupert with "Civil Disorder" in violation of 18 U.S.C. § 231(a)(3) which as alleged in the Indictment, consists specifically of

> acts to obstruct, impede, and interfere with any law enforcement officer lawfully engaged in the lawful performance of official duties incident to and during the commission of a civil disorder, which in any way and degree obstructed, delayed, and adversely affected commerce and the movement of

> any article and commodity in commerce and the conduct and performance of any federally protected function.

(Doc. 12 at 4). The Indictment, however, fails to set forth any factual allegations to indicate how Mr. Rupert interfered with any law enforcement officers performing official duties, or how he obstructed commerce, the movement of any article and commodity in commerce and the performance of any federally protected function. The factual allegations in the Indictment accuse Mr. Rupert of discussing explosives, making hostile statements about police, and discussion about vandalizing a liquor store and a Sprint Store. There is no allegations about any encounter of any sort with any law enforcement officer, specific articles of commerce or any federally protected functions. The charge of Civil Disorder simply does not apply to the conduct that the Indictment alleges. It must therefore be dismissed.

Count 3 of the Indictment charges Mr. Rupert with "Arson" in violation of 18 U.S.C. § 844(i), alleging that he "maliciously damage by means of fire, the Sprint Store located at 3009 Nicollet Avenue, Minneapolis." The Indictment alleges that Mr. Rupert discusses lighting a fire at the store, but fails to allege that he actually caused any damage. The allegations are therefore insufficient to enable Mr. Rupert to enter a plea because the

basis for the offense cannot be determined.

Dated: July 5, 2020							LAW OFFICE OF JORDAN S. KUSHNER

							By  s/Jordan S. Kushner
								Jordan S. Kushner, ID 219307
								Attorney for Defendant
								431 South 7th Street, Suite 2446
								Minneapolis, Minnesota  55415
								(612) 288-0545