# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 20-cr-104 (NEB/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Matthew Lee Rupert, | |
| Defendant. | |

This matter comes before the Court on the parties' Joint Motion for Continuance of the Motion Response Deadline and Motion Hearing ("Joint Motion"), ECF No. 37.  The parties jointly move for a two-week extension of time to discuss potential resolution of this matter.

Further, beginning on March 13, 2020, and continuing thereafter, the Honorable John R. Tunheim, Chief District Judge for the United States District Court for the District of Minnesota, has issued a series of General Orders in connection with the COVID-19 pandemic, *available at* https://www.mnd.uscourts.gov/coronavirus-covid-19-guidance. On June 26, 2020, Chief Judge Tunheim entered General Order No. 17, which allows limited in-person proceedings starting on July 13, 2020 for defendants who decline to consent to conducting proceedings using videoconferencing, or telephone conferencing if videoconferencing is not reasonably available.  *See In re: Updated Guidance to Court Operations Under Exigent Circumstances Created by COVID-19*, Gen. Order No. 17 (D. Minn. June 26, 2020).  General Order No. 17 states that because only limited in-person

proceedings may be held each day, criminal proceedings may be continued until the date that the criminal proceeding takes place.  General Order No. 17 further provides that the presiding judge will enter orders in individual cases to extend deadlines and exclude time under the Speedy Trial Act, including in cases where certain proceedings are held by video or telephone conference, to address delays attributable to COVID-19.  General Order No. 17 also vacated General Order No. 14, entered on May 15, 2020, which addressed criminal proceedings and trials.[1]

General Order No. 17, which is hereby incorporated by reference, was imposed based on: (1) the President declaring a national state of emergency in response to COVID-19; (2) the Governor of the State of Minnesota declaring a peacetime emergency to coordinate strategy to protect Minnesotans from COVID-19 and extending the COVID-19 peacetime emergency through July 13, 2020; (3) the Governor of the State of Minnesota issuing Emergency Executive Order 20-74, Continuing to Safely Reopen Minnesota's Economy and Ensure Safe Non-Work Activities during the COVID-19 Peacetime Emergency, which continues to place several restrictions on Minnesota residents; (4) the COVID-19 restrictions imposed by local detention facilitates that impact the ability of pretrial detainees to consult with legal counsel and appear in-person at a United States courthouse; (5) the Bureau of Prisons' modified operations that suspend most inmate movement; and (6) the interests of the health of courtroom participants and court staff, the constitutional rights of criminal defendants, the ability to conduct certain criminal

---

[1] General Order No. 17 additionally states that the Court is planning to resume criminal jury trials after July 6, 2020, but that because only a limited number of trials may take place at the same time, criminal jury trials may be continued until the date that the criminal jury trial commences.

proceedings via videoconference or telephone conference under the CARES Act, and the public's interest in and the Court's duty to ensure the effective and expeditious administration of justice. Specifically, General Order No. 17 states the following concerning the Speedy Trial Act:

> If the proceeding must be continued, the Court finds that the time of the continuances implemented by this order will be excluded under the Speedy Trial Act, as the Court specifically finds that the ends of justice are served by ordering the continuances and outweigh the best interests of the public and of the criminal defendants under 18 U.S.C. § 3161(h)(7)(A). Absent further order of the Court or any individual judge, the period of exclusion shall be from March 17, 2020, to the date that the criminal proceeding takes place. The Court may extend the period of exclusion as circumstances may warrant.

Consistent with General Order No. 17, the Court inquired whether Defendant consents to conducting the criminal motions hearing using videoconferencing. *See* ECF No. 35. Defense counsel states that Defendant "requests the hearing in-person." ECF No. 35 at 1. Defense counsel then goes on to discuss a number of hypotheticals and conditions that cannot be read to mean Defendant has provided consent to a virtual hearing.

For the reasons stated in the Joint Motion and those addressed in General Order No. 17 as well as the well-documented concerns regarding COVID-19, the Court finds that, pursuant to 18 U.S.C. § 3161(h)(7)(A), the ends of justice served by granting a continuance outweigh the best interests of the public and Defendant's right to a speedy trial and such continuance is necessary to provide the parties reasonable time necessary for effective preparation and to make efficient use of the parties' resources. The Court further finds

that, pursuant to 18 U.S.C. § 3161(h)(7)(B)(i), a miscarriage of justice would result if time were not excluded under these unique circumstances.

Based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.      The Joint Motion for Continuance of the Motion Response Deadline and Motion Hearing, ECF No. 37, is **GRANTED**.

2.      Absent further order of the Court, the period of time from **July 13, 2020[2] and the rescheduled criminal motions hearing, or August 30, 2020, whichever occurs first**, shall be excluded from Speedy Trial Act computations in this case.

3.      All responses to motions shall be filed by **August 3, 2020**. D. Minn. LR 12.1(c)(2).

4.      Any Notice of Intent to Call Witnesses shall be filed by **August 3, 2020**. D. Minn. LR. 12.1(c)(3)(A).

5.      Any Responsive Notice of Intent to Call Witnesses shall be filed by **August 6, 2020**. D. Minn. LR 12.1(c)(3)(B).

6.      A motions hearing will be held pursuant to Federal Rules of Criminal Procedure 12(c) where:

       a.      The Government makes timely disclosures and a Defendant identifies in the motions particularized matters for which an evidentiary hearing is necessary; or

       b.      Oral argument is requested by either party in its motion, objection or response pleadings.

---

[2] The indictment in this case was filed after March 17, 2020.  Therefore, the Court excludes time from the date the Joint Motion was filed.

7.     **The criminal motions hearing shall be rescheduled to a date and time to be determined on or after August 13, 2020, consistent with the health and safety protocols of this Court and the facility in which Defendant is detained.**  *See* D. Minn. LR 12.1(d); Gen. Order No. 17.   Notification of the date, time, and location of the rescheduled criminal motions hearing will issue separately.

8.     **The trial date and other related dates will be at a date and time to be determined.  Counsel must contact the Courtroom Deputy for District Judge Nancy E. Brasel to confirm the new trial date.**

Dated:  July___20___, 2020                                      *s/ Tony N. Leung*
                                                                Tony N. Leung
                                                                United States Magistrate Judge
                                                                District of Minnesota

                                                                *United States v. Rupert*
                                                                Case No. 20-cr-104 (NEB/TNL)