UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 20-cr-104 (NEB/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Matthew Lee Rupert, | |
| Defendant. | |

Angela M. Munoz and Jordan L. Sing, Assistant United States Attorneys, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for the Government); and

Jordan S. Kushner, Law Office of Jordan S. Kushner, 431 South Seventh Street, Suite 2446, Minneapolis, MN 55415 (for Defendant).

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on the following pretrial motions:

1. The Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2, ECF No. 14;

2. Defendant's Motion to Compel Disclosure of Evidence Favorable to the Accused, ECF No. 22;

3. Defendant's Motion to Compel Disclosure of 404(b) Evidence, ECF No. 23;

4. Defendant's Motion for Discovery, ECF No. 24;

5. Defendant's Motion to Require Agents to Retain Rough Notes, ECF No. 25;

6. Defendant's Motion for Early Disclosure of Jencks Act Material, ECF No. 26;

7. Defendant's Motion for Discovery of Expert Under Rule 16(a)(1)(E), ECF No. 27;

1

   8. Defendant's Motion for Disclosure of Grand Jury Transcripts, ECF No. 28; and

   9. Defendant's Motion for Disclosure of Telephone Warrant Transcripts and Record, ECF No. 29.

A hearing was held on September 30, 2020. ECF No. 51. Assistant United States Attorneys Angela M. Munoz and Jordan L. Sing appeared on behalf of the United States of America (the "Government"). Attorney Jordan S. Kushner appeared on behalf of Defendant Matthew Lee Rupert. Based upon the record, memoranda, and oral arguments of counsel, **IT IS HEREBY ORDERED** as follows:

   1. The Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2, ECF No. 14, is **GRANTED IN PART** and **DENIED IN PART**. This motion seeks discovery available under Federal Rules of Criminal Procedure 12.1, 12.2, 12.3, 16(b), and 26.2, as well as the establishment of deadlines for the disclosure of expert witnesses. There was no objection by Defendant to the Government's motion. *See* Tr. 7:4-10, ECF No. 54.[1] The Government's motion is granted in part as to the discovery sought under Rules 12.1, 12.2, 12.3, 16(b), and 26.2. The Court will address the disclosure of expert witnesses (and the agreement reached by the parties with respect thereto at the hearing) in connection with Defendant's Motion for Discovery of Expert Under Rule 16(a)(1)(E), ECF No. 27. *See infra* ¶ 7.

   2. Defendant's Motion to Compel Disclosure of Evidence Favorable to the Accused, ECF No. 22, is **GRANTED IN PART** and **DENIED IN PART**. Defendant

---

[1] Although the transcript has been temporarily sealed to allow for the process of redacting any personal identifiers, *see generally* D. Minn. LR 5.5, any notice of intent to request redaction was due October 13, 2020, and no such notice was filed. ECF No. 54.

seeks disclosure of evidence favorable to him under *Brady v. Maryland*, 373 U.S. 83 (1963), *Miller v. Pate*, 386 U.S. 1 (1967), *Giles v. Maryland*, 386 U.S. 66 (1967), and *Moore v. Illinois*, 408 U.S. 786 (1972). He also seeks information regarding Government witnesses.

The Government acknowledges its obligations under *Brady*, *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny, and states that it has complied and will continue to comply with those obligations. Gov't's Consol. Resp. at 1, ECF No. 39. The Government objects to Defendant's motion to the extent it seeks information beyond the requirements of these authorities. Gov't's Consol. Resp. at 1.

"The Due Process Clause of the Fifth Amendment requires the government to disclose to the accused favorable evidence that is material to guilt or punishment." *United States v. Dones-Vargas*, 936 F.3d 720, 722 (8th Cir. 2019) (citing *Brady*, 373 U.S. at 87); *see United States v. Whitehill*, 532 F.3d 746, 753 (8th Cir. 2008) ("*Brady* applies to exculpatory and impeachment evidence, whether or not the accused has specifically requested the information.") (citations omitted). "The [Supreme] Court has extended *Brady* protection to witness-credibility evidence when the reliability of the witness 'may well be determinative of guilt or innocence.'" *United States v. Sigillito*, 759 F.3d 913, 930 (8th Cir. 2014) (quoting *Giglio*, 405 U.S. at 154); *accord Dones-Vargas*, 936 F.3d at 722; *see Whitehill*, 532 F.3d at 753. "One reason for this extension to witness-credibility evidence is because exposure of a witness's motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination." *Sigillito*, 759 F.3d at 930 (quotation omitted). The Eighth Circuit Court of Appeals "ha[s]

3

determined that witness motivations, like the payment of money as an incentive to change testimony, fall within the *Brady* disclosure requirement." *Id.* (citing *United States v. Librach*, 520 F.2d 550, 554 (8th Cir. 1975)). "Furthermore, the prosecutor must disclose the possibility of a reward that gives the witness a personal stake in the defendant's conviction." *Id.* (citing *United States v. Bagley*, 473 U.S. 667, 683 (1985)).

Nevertheless, "[a] federal criminal defendant generally has no right to know about government witnesses prior to trial." *United States v. Polk*, 715 F.3d 238, 249 (8th Cir. 2013) (quotation omitted); *see United States v. Hamilton*, 452 F.2d 472, 479 (8th Cir. 1971) ("The request for statements of witnesses not to be called at trial is merely another way of determining whether the co-conspirators named in the indictment would be witnesses at trial, . . . [and] the identity of witnesses is information the government is not normally required to supply to the criminal defendant." (quotation omitted)); *United States v. Wisman*, No. 4:06CR0036 DJS/TCM, 2006 WL 587601, at *2 (E.D. Mo. Mar. 9, 2006) ("The statements of a non-witness are not discoverable.").

Defendant's motion is granted in part to the extent that the Government shall comply fully with its obligations under *Brady*, *Giglio*, and their progeny and disclose all exculpatory and impeachment evidence as well as Jencks Act and Federal Rule of Criminal Procedure 26.2 materials. If the Government subsequently discovers additional exculpatory or impeachment evidence, it shall disclose such evidence as soon as practicable after such discovery. The parties are encouraged to provide Jencks Act materials no less than one week before trial. *See infra* ¶ 6.

To the extent Defendant seeks discovery and disclosures outside the Government's

4

obligations under these authorities or seeks materials that have already been produced, such requests are denied. *See United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000) ("Criminal defendants do not have a general constitutional right to discovery."). Further, to the extent Defendant seeks the statements of non-testifying witnesses not otherwise encompassed within the Government's disclosure obligations, these requests are likewise denied. *See Hamilton*, 452 F.2d at 479; *Wisman*, 2006 WL 587601, at *2.

3. Defendant's Motion to Compel Disclosure of 404(b) Evidence, ECF No. 23, is **GRANTED IN PART** and **DENIED IN PART**. Defendant requests "immediate[]" disclosure of "any 'bad act' or 'similar course of conduct'" evidence the Government intends to offer at trial pursuant to Federal Rule of Evidence 404(b). ECF No. 23 at 1. Defendant also requests that the Government identify the witnesses through whom such evidence will be presented. The Government objects to the extent Defendant seeks the disclosure of "intrinsic" evidence and states that it will disclose "extrinsic" Rule 404(b) evidence no later than 14 days prior to trial. Gov't's Consol. Resp. at 2. At the hearing, however, the parties agreed to disclosure of Rule 404(b) evidence no later than 21 days prior to trial. Tr. 9:5-10:9.

Rule 404(b) requires the Government to provide reasonable notice before trial when evidence of a crime, wrong, or other act will be used to "prov[e] motive opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). "Rule 404(b) . . . applies to the admission of wrongful-act evidence that is extrinsic to the charged offense . . . ." *United States v. Ruiz-Chavez*, 612 F.3d 983, 988 (8th Cir. 2010). It does not apply to intrinsic evidence. *Id.*; *see also United States v. Beltz*,

5

385 F.3d 1158, 1162 (8th Cir. 2004) ("Evidence that is relevant to the crime charged is not other crimes evidence."). "Evidence of other wrongful conduct is considered intrinsic when it is offered for the purpose of providing the context in which the charged crime occurred." *Ruiz-Chavez*, 612 F.3d at 988 (quotation omitted).

Moreover, Rule 404(b) does not require that the Government "disclose directly or indirectly the names and addresses of its witnesses, something it is currently not required to do under [Fed. R. Crim. P.] 16." Fed. R. Evid. 404(b) advisory committee's notes, 1991 Amendments; *see Polk*, 715 F.3d at 249; *Hamilton*, 452 F.2d at 479; *see also United States v. Miller*, 698 F.3d 699, 704 (8th Cir. 2012) ("In 1975, Congress amended Rule 16 to eliminate a requirement that the government disclose its witnesses prior to trial.").

Therefore, consistent with the parties' agreement, no later than 21 days prior to trial, the Government shall provide "reasonable notice" of all "extrinsic" evidence then known to the Government that the Government intends to offer within the purview of Fed. R. Evid. 404(b). Defendant's motion is otherwise denied. If the Government subsequently discovers additional extrinsic evidence, it shall provide reasonable notice of such evidence as soon as practicable after such discovery.

4. Defendant's Motion for Discovery, ECF No. 24, is **GRANTED IN PART** and **DENIED IN PART**. Without citing to any authority, Defendant seeks a laundry list of discovery. *See generally* ECF No. 24 ¶¶ 1-29. Some of the materials requested are subject to disclosure under Rule 16(a)(1)(A) through (G) of the Federal Rules of Criminal Procedure. *See, e.g.*, ECF No. 24 ¶¶ 1-3, 5, 23, 24. Other requests are largely—and in some instances, entirely—duplicative of other motions filed by Defendant. *See, e.g.*, ECF

6

No. 24 ¶¶ 6, 27 (expert witnesses); ¶ 11 (witness statements); ¶¶ 12, 17 (witness credibility information). Defendant also requests that the Court review *in camera* the Government's "files for evidence exculpatory to [him]" because the Government and he "may differ in their opinions as to what constitutes exculpatory evidence." ECF No. 24 ¶ 15. The Government acknowledges its obligations under Rule 16 and states that it has and will continue to comply with such obligations.

Defendant's motion is granted in part to the extent his discovery requests seek responsive information subject to disclosure under Rule 16(a)(1)(A) though (F) that remains in the Government's control and has not yet been produced. Defendant's motion is further granted in part to the extent his discovery requests seek discovery and disclosures ordered produced elsewhere in this Order or that the Government is otherwise obligated to disclose by law. Defendant's discovery requests are denied in all other respects. *See Johnson*, 228 F.3d at 924. The Court will address Defendant's request for grand jury materials, ECF No. 24 ¶¶ 13-14, further in connection with Defendant's Motion for Disclosure of Grand Jury Transcripts, ECF No. 28. *See infra* ¶ 8.

Defendant further requests that, in the event the Government subsequently discovers additional materials previously ordered to be produced, that his counsel be notified. While the Court has no reason to doubt that the Government will honor its continuing disclosure obligations under Rule 16(c), any responsive information or material subject to disclosure that subsequently comes into the Government's possession, knowledge, or control shall be produced in a timely fashion. *See also supra* ¶¶ 2, 3.

5.      Defendant's Motion to Require Agents to Retain Rough Notes, ECF No. 25, is **GRANTED**. Defendant requests an order directing that all law enforcement agents, including any confidential reliable informants, retain and preserve all rough notes taken as part of their investigation. The Government does not object to the retention of rough notes and states that it has "already . . . disclosed certain rough-note evidence" to Defendant, but opposes an order requiring disclosure of rough notes. Gov't's Consol. Resp. at 3-4.

Defendant's request for the retention and preservation of all rough notes is granted. To the extent it has not already done so, the Government shall direct its agents to preserve any rough notes pertaining to this matter.

6.      Defendant's Motion for Early Disclosure of Jencks Act Material, ECF No. 26, is **DENIED**. Defendant seeks early disclosure of Jencks Act materials, requesting that such materials be disclosed at least two weeks before trial. While the Government objects to any Court-ordered early disclosure, the Government volunteered to make Jencks Act materials available 3 business days prior to trial "provided . . . [D]efendant is required to provide reciprocal Jencks Act disclosures at the same time." Gov't's Consol. Resp. at 4-5. At the hearing, the Government was willing to disclose such materials one week before trial; the parties were not, however, able to agree on a timeframe for disclosure. *See* Tr. 11:9-13:1.

By its terms,

> [t]he Jencks Act does not compel the government to produce a statement or report of a government witness until after the witness has testified on direct examination, after which the defendant may move for the production of any statements in the government's possession made by that witness relating to

8

the subject matter of his testimony.

*United States v. Green*, 151 F.3d 1111, 1115 (8th Cir. 1998); *see* 18 U.S.C. § 3500(b). "Although in many cases the government freely discloses Jencks Act material to the defense in advance of trial, the government may not be required to do so." *Green*, 151 F.3d at 1115 (quotation omitted); *accord United States v. Wilson*, 102 F.3d 968, 971-72 (8th Cir. 1996). Defendant's request for early disclosure of Jencks Act materials is denied. While the Court is not ordering the Government to disclose Jencks Act materials early, the Court encourages the parties to disclose such materials no less than one week before trial as proposed by the Government.

7. Defendant's Motion for Discovery of Expert Under Rule 16(a)(1)(E), ECF No. 27, is **GRANTED**, and the Government's proposal for the disclosure of expert witnesses, *see supra* ¶ 1, is **GRANTED IN PART** and **DENIED IN PART**.

The parties seek the establishment of deadlines for the disclosure of any testimony the other intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence. *See* Fed. R. Crim. P. 16(a)(1)(G), (b)(1)(C).[2] Initially, Defendant did not propose or request a specific timeline for disclosure. The Government initially proposed that the parties make their principal expert disclosures no later than 30 days before trial and any rebuttal expert disclosures no later than 10 days prior to trial. ECF No. 14 at 2. At the hearing, Defendant proposed, and the parties agreed, to 50 days before trial for principal expert disclosures and 15 days before trial for rebuttal expert disclosures. Tr. 7:12-8:22.

---

[2] The Court interprets Defendant's motion as a request for expert disclosures under Fed. R. Crim. P. 16(a)(1)(G), rather than (E). *Compare* Fed. R. Crim. P. 16(a)(1)(G) (expert witnesses) *with* (E) (documents and objects).

Consistent with the parties' agreement, no later than 50 days prior to trial, the parties shall make their principal expert disclosures, and, no later than 15 days prior to trial, the parties shall make any rebuttal expert disclosures. *See* Fed. R. Crim. P. 16(a)(1)(G), (b)(1)(C).

8. Defendant's Motion for Disclosure of Grand Jury Transcripts, ECF No. 28, is **GRANTED IN PART** and **DENIED IN PART**, and his requests for "[t]he names and addresses of all persons who gave testimony before the Grand Jury . . . ," ECF No. 24 ¶ 13, and "[t]he minutes and transcripts of all Grand Jury proceedings . . . ," ECF No. 24 ¶ 14, are **DENIED**.

"It has long been recognized that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings. This principle is reflected in Rule 6(e) which establishes a general rule of confidentiality for all matters occurring before the grand jury." *United States v. McDougal*, 559 F.3d 837, 840 (8th Cir. 2009) (quotation and citation omitted). "Exceptions to the rule of nondisclosure will be made only where there is a 'particularized need.'" *United States v. Haire*, 103 F.3d 697, 699 (8th Cir. 1996); *accord United States v. Broyles*, 37 F.3d 1314, 1318 (8th Cir. 1994) ("It is well-established that a showing of 'particularized need' is necessary before the court will accede to such a release.").

Defendant has not made any showing of particularized need for grand jury materials. Therefore, Defendant's grand-jury discovery requests are denied and his motion is denied except to the extent the Government is otherwise obligated to disclose such materials. *See United States v. Daniels*, 232 F. App'x 611, 612 (8th Cir. 2007) (per curiam) (no abuse of

discretion in denying motion for grand jury transcripts given defendant's "failure to make any showing in support of his request for them"); *Broyles*, 37 F.3d at 1318.

9. Defendant's Motion for Disclosure of Telephone Warrant Transcripts and Record, ECF No. 29, is **DENIED AS MOOT**. Defendant moves "for production of recordings and/or transcripts of all testimony taken, copies of exhibits, and certification of any other written record in connection with warrants obtained [in this matter] . . . , which upon information and belief, were all issued based on information communicated by telephone or other electronic means." ECF No. 29 at 1. The Government responds that "no such recordings or transcripts exist" because the three warrants were procured "only through the submission of written affidavits," which have all been produced to Defendant. Gov't's Consol. Resp. at 6. When asked at the hearing if this motion was moot, Defendant indicated that he did not "have any basis to pursue this motion further at this time without any indication that the requested evidence exists." Tr. 13:23-24:8.

The Federal Rules of Criminal Procedure expressly contemplate that "a magistrate judge may issue a warrant based on information communicated by telephone or other reliable electronic means." Fed. R. Crim. P. 41(d)(3); *see* Fed. R. Crim. P. 4.1(a) ("A magistrate judge may consider information communicated by telephone or other reliable electronic means when reviewing a complaint or deciding whether to issue a warrant or summons."). As discussed in the Court's Report & Recommendation issued today, ECF No. 70 [hereinafter "R&R"], the three warrants procured by the Government in this matter were obtained using both telephone (Riot and Drug Warrants in Illinois) and an electronic process (Facebook Warrant in Minnesota, whereby the affidavit and written warrant

11

materials were presented to the issuing magistrate judge using both a secure, simultaneous audio and visual connection through FaceTime and e-mail). R&R at 8-15.

When telephone or other reliable electronic means are used, Rule 4.1 requires the magistrate judge to place "the applicant and any person on whose testimony the application is based" under oath. Fed. R. Crim. P. 4.1(b)(1); *see, e.g.*, *United States v. Skarda*, 845 F.3d 370, 375 (8th Cir. 2016). The manner in which a record is then created depends on whether the applicant merely "attest[s] to the contents of a written affidavit" or if additional testimony or exhibits are considered by the magistrate judge. Fed. R. Crim. P. 4.1(b)(2); *see Skarda*, 845 F.3d at 375. "If the applicant does no more than attest to the contents of a written affidavit submitted by reliable electronic means, the [magistrate] judge must acknowledge the attestation in writing on the affidavit." Fed. R. Crim. P. 4.1(b)(2)(A); *see Skarda*, 845 F.3d at 375. If additional testimony or exhibits are considered,

> the [magistrate] judge must:
>
> > (i) have the testimony recorded verbatim by an electronic recording device, by a court reporter, or in writing;
> >
> > (ii) have any recording or reporter's notes transcribed, have the transcription certified as accurate, and file it;
> >
> > (iii) sign any other written record, certify its accuracy, and file it; and
> >
> > (iv) make sure that the exhibits are filed.

Fed. R. Crim. P. 4.1(b)(2)(B); *see Skarda*, 845 F.3d at 375.

Because the bases for all three warrants were presented to the issuing magistrate judges solely through the written affidavits of the applying agents and the magistrate judges

12

acknowledged the applying agents' attestations in writing on the applications and affidavits, no additional record was required under Rule 4.1(b).  R&R at 9-15.

10. All prior consistent orders remain in full force and effect.

11. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like.

Date: January  6 , 2021                     *s/ Tony N. Leung*
                                            Tony N. Leung
                                            United States Magistrate Judge
                                            District of Minnesota


                                            *United States v. Rupert*
                                            Case No. 20-cr-104 (NEB/TNL)