UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 20-104 (NEB/TNL)

UNITED STATES OF AMERICA,

        Plaintiff,

v.

MATTHEW LEE RUPERT,

        Defendant.

**PLEA AGREEMENT AND SENTENCING STIPULATIONS**

The United States of America and defendant Matthew Lee Rupert agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota. This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1. **Charges.** The defendant agrees to plead guilty to Count Three of the Indictment, which charges the defendant with committing arson while aiding and abetting others and being aided and abetted by others, all in violation of Title 18, United States Code, Sections 2 and 844(i). The defendant fully understands the nature and elements of the crime to which he is pleading guilty. **The United States agrees that it will not bring additional charges against the defendant or those other individuals who traveled with the defendant—known to the government as of the date of this plea agreement—for any additional conduct relating to the defendant's presence in Minnesota from May 28 through May 30, 2020.** Finally, the United States also agrees to move to dismiss Counts One and Two of the Indictment at sentencing.

SCANNED
APR 0 8 2021
U.S. DISTRICT COURT ST. PAUL

2. **Factual Basis.** The defendant is pleading guilty because he is guilty of Count Three of the Indictment. In pleading guilty, the defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt:

On May 25, 2020, George Floyd died while in the custody of the Minneapolis Police Department. The nature and circumstances of Mr. Floyd's arrest, subsequent death, and the actions of the Minneapolis Police Department came under intense public scrutiny. Almost immediately following Mr. Floyd's death, public protests began in Minneapolis and began expanding through the Twin Cities metro. However, in addition to these largely peaceful protests, civil disorders also occurred in Minneapolis and around the Twin Cities. These civil disorders included acts of violence, arson, looting, and other malicious damage to property.

On May 28, 2020, Rupert—a resident of Galesburg, Illinois—made numerous posts on his "El Ricco Rupert" Facebook account referencing the public protests occurring in the Twin Cities following the death of Mr. Floyd. Rupert eventually posted "I'm going to Minnesota tomorrow who coming only goons I'm renting hotel rooms." On May 29, 2020, Rupert posted a Facebook Live video to his own Facebook account that depicted him and others in Minneapolis, Minnesota. The video lasted approximately 2 hours and 6 minutes. The video generally depicted Rupert encouraging violence against law enforcement officers responding to the public protests, damaging property, breaking into buildings, and looting businesses. At time stamp 5:11 of the video, Rupert stated his intent for coming to Minneapolis when he stated "we came to riot!"

At time stamp 1:41:40 of the video, Rupert asked for lighter fluid and entered a boarded-up Sprint Store located at 3009 Nicollet Avenue, Minneapolis, Minnesota

55408. Rupert canvassed the store and eventually entered a backroom while telling others that he had located a store safe. Rupert and others then knocked a number of boxes into a pile on the ground. Rupert sprayed the pile of boxes with lighter fluid and then directed another male, M.H., to light the pile on fire. M.H., acting at Rupert's encouragement, is a juvenile who traveled with Rupert from Galesburg, Illinois to Minneapolis. Rupert knew M.H. was a juvenile at the time. M.H. lit the pile on fire, as Rupert requested, and then fled the building with Rupert. At time stamp 1:45:17, while outside the Sprint store, Rupert stated "I lit it on fire!" The building, which is used in interstate commerce, sustained damage as a result of the fire.

3. **Waiver of Venue.** The defendant knowingly, willingly, and voluntarily waives any challenge to the venue of this prosecution in District of Minnesota.

4. **Waiver of Pretrial Motions.** The defendant understands and agrees that he has certain rights to file pre-trial motions in this case. In fact, the defendant has filed a number of pre-trial motions. But, as part of this plea agreement, and based upon the concessions of the United States within this plea agreement, the defendant knowingly, willingly, and voluntarily withdraws his pending pre-trial motions, and gives up the right to litigate his current pre-trial motions or any additional pre-trial motions in this case.

5. **Waiver of Constitutional Trial Rights.** The defendant understands that he has the right to proceed to trial. At trial, the defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify

for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. The defendant understands that he has the right to an attorney at every stage of these proceedings and, if necessary, one will be appointed to represent him. The defendant understands that he has the right to persist in a plea of not guilty and, if he does so, he would have the right to a public and speedy trial. By pleading guilty, the defendant knowingly, willingly, and voluntarily waives each of these trial rights, except the right to counsel. The defendant understands that a guilty plea is a complete admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge the defendant guilty without a trial.

6. **Statutory Penalties.** The defendant understands that Count Three of the Indictment (arson while aiding and abetting others and being aided and abetted by others, in violation of Title 18, United States Code, Sections 2 and 844(i)) carries the following statutory penalties:

    a.    a mandatory minimum imprisonment term of 5 years;

    b.    a maximum imprisonment term of 20 years;

    c.    a maximum term of supervised release of 3 years;

    d.    a maximum fine of $250,000;

    e.    a special assessment of $100; and

    f.    mandatory restitution in an additional amount to be determined by the Court.

7. **Revocation of Supervised Release.** The defendant understands that, upon release, he will be subject to conditions of supervised release. The defendant understands that if he violates any condition of supervised release, the defendant could

        be sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

8. **Guidelines Calculations.** The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq*. Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guidelines calculations:

a. Base Offense Level. The United States believes that the base offense level is **24** because the offense destroyed a place of public use, as that term is defined in 18 U.S.C. § 2332f(e)(6). U.S.S.G. § 2K1.4(a)(1). The defendant believes that the base offense level is **20** because the offense endangered a place of public use. The parties agree to move for an evidentiary hearing at sentencing to address this disagreement.

b. Specific Offense Characteristics. The parties agree that no specific offenses characteristics apply.

c. Chapter 3 Adjustments. The parties agree to a **2-level increase** because the defendant used a person less than eighteen years of age to commit the instant offense.

d. Acceptance of Responsibility. The government agrees to recommend that the defendant receive a **2-level reduction** for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). Whether the reduction will be imposed shall be determined by the Court in its discretion. In exercising its discretion, the defendant understands that the Court will likely consider the following occurrences: (1) the defendant's truthful testimony during the change of plea and sentencing hearings; (2) the defendant providing full, complete, and truthful information to the United States Probation Office in the pre-sentence investigation; and (3) the defendant engaging in no conduct inconsistent with acceptance of responsibility before the time of sentencing.

The government also agrees to move for an **additional 1-level reduction** because the defendant timely notified the government of his intention to plead guilty. U.S.S.G. § 3E1.1(b).

e.    <u>Criminal History Category</u>. The parties believe that, at the time of sentencing, the defendant will fall into Criminal History Category VI. U.S.S.G. § 4A1.1. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. The defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence which should be included within his criminal history under the U.S. Sentencing Guidelines, the defendant will be sentenced based on his true criminal history category, and he will not be permitted to withdraw from this Plea Agreement. U.S.S.G. § 4A1.1.

f.    <u>Guidelines Range</u>. If the adjusted offense level is **23** (24+2-3) and the criminal history category is **VI**—as the government believes—the Guidelines range is an imprisonment term of **92-115 months**. If the adjusted offense level is **19** (20+2-3) and the criminal history category is **VI**—as the defendant believes—the Guidelines range is an imprisonment term of **63-78 months**.

g.    <u>Fine Range</u>. If the adjusted offense level is **23**, the Guidelines fine range is $20,000 to $200,000. If the adjusted offense level is **19**, the Guidelines fine range is $10,000 to $100,000. U.S.S.G. § 5E1.2(c)(3).

h.    <u>Supervised Release</u>. The Guidelines require a term of supervised release of at least one year and up to a maximum term of three years. U.S.S.G. § 5D1.2(a)(2).

i.    <u>Sentencing Recommendation and Departures</u>. The government agrees to argue for a sentence within the applicable Guidelines range. The defendant reserves the right to make a motion for a departure or variance from the applicable Guideline range.

9.    **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing

Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court may make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines range. If the Court determines that the applicable guideline calculations or the defendant's criminal history category is different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

10. **Special Assessment.** The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which the defendant is convicted, pursuant to Guideline § 5E1.3. The defendant agrees to pay the $100 special assessment at the time of sentencing.

11. **Restitution and Disclosure of Assets.** The defendant understands and agrees that the Mandatory Victim Restitution Act (MVRA), 18 U.S.C. § 3663A, applies and that the Court is required to order the defendant to make restitution to the victims of his crimes. There is no agreement with regard to the amount of restitution; however, the defendant understands and agrees that the Court may order the defendant to make restitution to any victims of his crimes regardless of whether the victim was named in the Indictment or whether the victim is included in the count of conviction. The defendant will fully and completely disclose to the United States Attorney's Office the existence and location of any assets in which the defendant has any right, title, or interest. The defendant agrees to assist the United States in identifying, locating, returning, and transferring assets for use in payment of restitution and fines ordered

by the Court. The defendant agrees to fully and truthfully complete a financial statement at least 30 days before the date of sentencing.

12. **Forfeiture.** The defendant agrees to forfeit all property, real or personal, which constitutes or is derived from proceeds traceable to the Indictment, including but not limited to any of the items described in the forfeiture section of the Indictment. The defendant specifically agrees to forfeit any fireworks, pyrotechnics, or destructive devices seized pursuant to this investigation.

13. **Waivers of Appeal and Collateral Attack.** The defendant understands that 18 U.S.C. § 3742 affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this right, the defendant hereby waives all defenses and his right to appeal any non-jurisdictional issues, including, but not limited to, restitution, the constitutionality of the statutes to which he is pleading guilty, and whether his admitted conduct falls within the scope of those statutes. The parties agree, however, that excluded from this waiver is the defendant's right to appeal (1) the applicable base offense level, (2) the imposition of any Guidelines enhancements not contemplated within this plea agreement, (3) a term of imprisonment that exceeds the applicable Guidelines range as calculated by the Court, or (4) an illegal sentence. In addition, the defendant expressly waives the right to petition under 28 U.S.C. § 2255, but reserves the right to raise in such a petition the issues of (1) ineffective assistance of counsel or (2) an illegal sentence. The defendant understands the rights being waived, and he waives these rights knowingly, willingly, and voluntarily. In exchange, the United States waives its right to appeal the defendant's sentence.

14. **FOIA Requests.** The defendant knowingly, willingly, and voluntarily waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Indictment Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

15. **Complete Agreement.** This, and any agreement signed by the parties before entry of this plea, is the entire agreement and understanding between the United States and the defendant.

W. Anders Folk
Acting United States Attorney

Date: 3/30/2021

BY: JORDAN L. SING
ANGELA M. MUNOZ
Assistant United States Attorneys

Date: 3-29-21

MATTHEW LEE RUPERT
Defendant

Date: 3/29/2021

JORDAN S. KUSHNER
Counsel for Defendant

9