UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal Case No. CR 20-104 (NEB/TNL)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **DEFENDANT'S REPLY POSITION** |
| | ) | **ON SENTENCING** |
| | ) | |
| MATTHEW LEE RUPERT, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant Matthew Rupert, through undersigned counsel, hereby replies to the

government's position on sentencing. As emphasized in Mr. Rupert's original position

pleading, he takes full responsibility for his offense and is deeply remorseful. Mr. Rupert,

however, takes issue with the government's characterization of the facts and its argument

for a higher than appropriate base offense level.

## I.    FACTUAL ISSUES.

The government presents its version of the facts in a manner that overstates Mr.

Rupert's conduct. It emphasizes that one of the four people in the group that traveled from

Galesburg, Illinois was a juvenile. His offense level has been enhanced for this reason. At

the same time, the Facebook exchange reprinted by the government shows that the

juvenile was 17 years old and he willingly agreed to go on the trip. (Govt. Position at 3).

This young man stated he was going even if his mother did not approve, believing he

could not get in trouble because he was 17 (rather than a legal adult). (Id.).  The exchange

does not indicate Mr. Rupert pressured the 17 year old to go, as he states, "I am for sure. What time should I set my alarm far." (Id.). Again Mr. Rupert takes responsibility for and deeply regrets involving a juvenile in his offense but it is not as if he coerced an unwilling young child.

The government then emphasizes Mr. Rupert bringing a bag of "artillery-style," fireworks, in its assertion that "The relevance of Rupert's pre-planning cannot be overstated." (Id. 3-4).  It is important to recognize that these were indeed fireworks, not weapons and not items that were intended to cause destruction or used to cause any destruction. The fact the Mr. Rupert traveled with a groups that included a 17 year old and brought fireworks does not indicate any pre-planning to commit a serious offense. Mr. Rupert takes responsibility for setting a fire, but such destruction was not part of any prior plan. Mr. Rupert like many others got caught up in the mob. It is not an excuse, but it is still a fact which accurately explains that he did not come to Minneapolis for the purpose of causing serious physical destruction.

The government then cites Mr. Rupert's hyperbolic language on his livestreamed Facebook video, and emphasizes the fact that he livestreamed his actions on Facebook as somehow making the offense worse. It is particularly interested in Mr. Rupert making references to "bombs." It is understandable that law enforcement would be concerned about hearing the word "bombs" but it was a word that Mr. Rupert used to refer to fireworks. Mr. Rupert did not have any actual bombs, did not throw any bombs and did

not provide anyone with bombs. The Facebook video undoubtedly helped the government to catch Mr. Rupert and make a strong case against him, but did not make his offense substantively worse. The fact that Mr. Rupert came to protest from out of town also does not make his offense substantively worse or warrant a higher sentence.

## II.    BASE OFFENSE LEVEL.

The government, like Mr. Rupert, relies primarily on U.S. v. Holmes, 646 F.3d 659, 661-62 (9th Cir. 2011) as its authority for addressing whether there was destruction or attempted destruction of the place of public use as required for a 24 base offense level under U.S.S.G. § 2K1.4(a)(1)(B).[1]  Holmes appears to be the only published appellate case that addressed the definition of destruction under this provision, but provides limited guidance for the instant case.  The decision recognizes that "while the line between damage and destruction is not a precise one, we consider something to have been destroyed if it is rendered incapable of being used for one or more of its principal purposes " Id. at 661. Holmes' holding related to a fire set to public land, and determined that it would be considered destroyed "if its aesthetic, environmental, recreational,

---

[1]  The government also cites two recent arson cases in this district applying the 24 base offense level where the issue was not litigated. In United States v. Henderson, Docket No. 20-146, (Doc. 32 at 4)  the parties agreed in the plea agreement that the 24 base level applied.  Similarly in United State v. While, Docket No. 20-173, the plea agreement stipulate to the 24 base offense level, and that the building was destroyed. (Doc. 27 at 2-3). These cases therefore do not provide any guidance. To the extent that un-litigated cases are relevant,  United States v. Jackson, Docket No. 20-282, applied a base offense level of 20 for a fire inside the Target corporation headquarters that caused more than $900,000 in damage. (Doc. 70).

economic or cultural uses have been eliminated for a significant period of time, generally meaning more than a year." Id. Holmes held that the government presented in sufficient evidence to conclude that the damage caused to the land amounted to destruction. Id. at 662. In the instant case, the Sprint Store appears to have been restored to its prior condition in less than one year.

Holmes does not address when the damage is caused not directly by the fire but by intervention in response to the fire, i.e. sprinklers. The sentencing guidelines similarly does not indicate that damage caused by sprinkler systems in suppressing the fire counts towards destruction. Mr. Rupert should not be punished for destroying a building when the fire was not intended to destroy the building and did not destroy the building, and any substantial damage was caused not by the fire by the sprinkler system suppressing the fire set by Mr. Rupert and another fire not set by Mr. Rupert.[2]

### CONCLUSION

Mr. Rupert's acknowledges his offense is serious. The mandatory minimum sentence of 60 months is a serious sentence that is commensurate with his offense. Mr. Rupert urges the Court to look at the whole picture which includes not just his inflammatory statements made in the course of protesting and prior offenses, but the serious trauma he has experienced over the course of his life, his learning disabilities, and

---

[2] Mr. Rupert could potentially be held responsible for restitution for damage caused by fire suppression, but that is a separate issue from his culpability based on the severity of his actions.

mental illness. The government attempts to ignore or dismiss Mr. Rupert's mental

condition, but it is well-documented in the PSR and the comprehensive professional

forensic psychological report. The community and Mr. Rupert would both be best served

by a focus on treatment and rehabilitation following a substantial 60 month prison

sentence.

Dated:  August 3, 2021                        LAW OFFICE OF JORDAN S. KUSHNER

                                              By  s/Jordan S. Kushner
                                                 Jordan S. Kushner, ID 219307
                                                 Attorney for Defendant
                                                 431 South 7th Street, Suite 2446
                                                 Minneapolis, Minnesota  55415
                                                 (612) 288-0545