UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 20-CR-104 (NEB/TNL) |
| Plaintiff, | |
| v. | ORDER ON RESTITUTION REQUEST |
| MATTHEW LEE RUPERT, | |
| Defendant. | |

Matthew Lee Rupert pled guilty to one count of committing arson while aiding and abetting others and being aided and abetted by others, in violation of 18 U.S.C. § 2 and § 844(i). (ECF No. 86 at 1.) On August 10, 2021, the Court sentenced Rupert to 105 months in prison with three years of supervised release. (ECF No. 123.) At sentencing, the Court deferred the determination of restitution for 90 days so the parties could review the evidence. (ECF No. 135 at 66, 77, 90; ECF No. 123 at 6.) Before the Court now is a dispute over the sufficiency of the government's evidence to support restitution.

BACKGROUND

In the wake of the murder of George Floyd by a Minneapolis Police Officer, the Twin Cities Metro Area erupted with protests. On May 28, three days after Mr. Floyd died, Rupert traveled to Minnesota from Illinois. (ECF No. 86 at 2.) Once here, he encouraged violence against law enforcement officers, damaged property, and looted

businesses. (*Id.*) Among the businesses he entered was a Sprint store. (*Id.*) Once inside the store, Rupert located a safe in the back room. (*Id.* at 3.) He enlisted the help of others to pile boxes near the safe, sprayed the pile with lighter fluid, and directed another person to light the pile on fire. (*Id.*) The cardboard caught fire, activating the fire suppression system. (*Id.*; ECF No. 137 ¶ 3 ("Blaschko Aff.").) The system poured water on to the store for 24 hours, causing extensive damage. (Blaschko Aff. ¶¶ 3, 10–14.) Laurie Blaschko, then Senior Facilities Manager at Sprint, watched via live feed until the store lost electricity. (Blaschko Aff. ¶ 3.)

Rupert pled guilty to one count of arson for this incident, triggering a mandatory restitution obligation. (ECF No. 86 at 1; *see* ECF No. 12 at 5.) Sprint now requests over $200,000 in restitution. As evidence in support of the request, the government offers an affidavit by Blaschko outlining the damage to the store. (Blaschko Aff.) The request includes $109,843.85 in damaged retail items, $106,362 in lost activations for those items, $2,842 for "the cost of replacing the inventory safe," $1,365 for "the cost of replacing the cash safe," and $7,000 for "the cost of replacing . . . the LAN rack and associated items." (*Id.* ¶¶ 10–14.) The affidavit includes a list of the lost retail items and their retail value. (*Id.* Ex. 1.)

## ANALYSIS

**I.     Sprint[1] is a victim.**

Though the parties do not appear to dispute Sprint's status as a victim, the Court undertakes the analysis nonetheless, and concludes that Sprint is indeed a victim entitled to restitution. Under the Mandatory Victims Restitution Act ("MVRA") courts "shall order" that a defendant convicted of "an offense under this title" make restitution payments to victims of their crimes. 18 U.S.C. §§ 3663A(a)(1), (c)(1); *United States v. Young*, 272 F.3d 1052, 1056 (8th Cir. 2001). "Restitution is mandatory upon a conviction for an offense against property. . . when an identifiable victim suffers a physical injury or pecuniary loss." *Young*, 272 F.3d at 1056. A "victim [is the] person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered." 18 U.S.C. § 3663A(a)(2).

The harm to the Sprint store (and items within it) was a direct and proximate result of Rupert's arson—the fire suppression system doused the fire that Rupert started, causing the damage. (Blaschko Aff.) So, Sprint is a victim, and Rupert's conviction triggers the mandatory restitution obligation. 18 U.S.C. § 3663A(a)(1).

---

[1] T-Mobile has now purchased Sprint. (Blaschko Aff. ¶ 7.) Because the damaged store was a Sprint store, the Court will refer to the victim as Sprint. (*Id.* ¶ 2.)

## II.  Insurance does not bar recovery.

At the hearing on this matter, Rupert argued that Sprint suffered no injury because the damaged items were insured. The MVRA bars this argument. Under the MVRA, "victims are entitled to recover for their losses regardless of their insurance coverage." 18 U.S.C. § 3664(f)(1)(B). Any insurance compensation received can be paid as restitution to the insurance company after the direct victim has been fully reimbursed. 18 U.S.C. § 3664(j)(1); *United States v. Searing*, 250 F.3d 665, 668 (8th Cir. 2001). The mere fact that Sprint holds insurance coverage does not bar recovery of its actual losses.

## III.  The Blaschko Affidavit

Rupert complains that the Blaschko Affidavit cannot support the loss, arguing in part that Blaschko was not on the witness stand to be cross-examined by his attorney. The government's burden of proof on a victim's loss is a preponderance of the evidence. 18 U.S.C. § 3664(e). "While the Federal Rules of Evidence do not apply at sentencing, information considered by the sentencing court must have sufficient indicia of reliability to support [its] probable accuracy." *United States v. Adejumo*, 848 F.3d 868, 870 (8th Cir. 2017) (internal quotations and citations omitted). Proof of loss may not be "based entirely on speculation." *United States v. Chalupnik*, 514 F.3d 748, 755 (8th Cir. 2008) (citing *Young*,

272 F.3d at 1056). Instead, there must be some independent documentation verifying the loss. *Young*, 272 F.3d at 1056.

Generally, some itemized documentation of losses is necessary for a court to order restitution. *United States v. Adetiloye*, 716 F.3d 1030, 1038 (8th Cir. 2013). But "a sworn statement from the victim outlining losses sustained as a result of the crime," may also meet the government's burden of proof, and that is what the government has submitted here. *Id.* at 1039. The real question is not the form of Blaschko's testimony; it is the content of the affidavit and whether it satisfies the MVRA.

The Blaschko Affidavit does not meet the Eighth Circuit standard for compensable loss under the MVRA. A restitution order must reflect actual lost value, which is "the greater of . . . the value of the property on the date of the damage, loss, or destruction; or . . . the value of the property on the date of sentencing." 18 U.S.C. § 3663A(b)(1)(B)(i); *United States v. Fonesca*, 790 F.3d 852, 854 (8th Cir. 2015). "[T]he 'value' of lost property under the MVRA must be determined in the district court's discretion depending on the circumstances of each case." *United States v. Frazier*, 651 F.3d 899, 904 (8th Cir. 2011).

The government has offered evidence of two kinds of losses: lost inventory, including cellphones and activations, and the cost to replace damaged equipment, including an inventory safe, a cash safe, and a LAN rack. (Blaschko Aff. ¶¶ 10–14.)

*Lost inventory.* As to the lost inventory, the Eighth Circuit has explained that "[f]or goods held by a merchant for sale, *lost profits* rather than *lost sales revenues* are the proper

measure of 'actual loss.'" *Chalupnik*, 514 F.3d at 755 (emphasis added). Decisions from other circuits reinforce this rule. In *United States v. Kim*, the Fifth Circuit explained that "a restitution amount . . . should be calculated using the 'lost net profit' suffered by the victim of the infringement, rather than the retail value of the goods." 988 F.3d 803, 813 (5th Cir. 2021). "Basing restitution on the retail value of the goods disregards the costs incurred in manufacturing and selling legitimate goods and could therefore result in the victim receiving a windfall." *Id.*

Additionally, in a case involving Sprint as the victim, the Tenth Circuit considered whether to award restitution when the defendant fraudulently obtained cell phones from a Sprint store. *United States v. Ferdman*, 779 F.3d 1129, 1131 (10th Cir. 2015). The only evidence the government offered to support restitution was "Sprint's unverified statement that the phone losses are the retail unsubsidized price of these phones." *Id.* at 1136 (internal quotations and citations omitted). The Tenth Circuit rejected the government's proof. *Id.* The court explained that to receive lost profit, the government must show that "by removing readily replaceable cell phones from Sprint stores, [the defendant] prevented Sprint from realizing any retail sales." *Id.* at 1139. "[T]he MVRA imposes on the Government the task of producing *some* evidence that the defendant's theft *in fact* caused the victim to lose retail sales." *Id.* (emphasis in original).

As these cases make clear, courts do not measure actual loss by retail value, particularly without more proof than the government has offered here. Instead, courts

6

typically use lost profits as a measure of actual loss. *Chalupnik*, 514 F.3d at 755. The only evidence the government has offered for the value of the Sprint cell phones is their retail value. (Blaschko Aff. ¶¶ 10–11, Ex. 1.) And as to the lost activations, Blaschko provides no explanation for her calculation.[2] Without more evidence on the profits lost by the cell phones and their activations, the Court cannot determine lost profits. And thus, under Eighth Circuit law, neither can the Court order restitution. *Chalupnik*, 514 F.3d at 755.

*Damaged Equipment.* As to the safes and the LAN rack, the Blaschko Affidavit identifies the cost to *replace* the fixtures. Again, the Eighth Circuit follows a different rule. In this Circuit, "where the lost or damaged property is a fungible commodity with a viable market, . . . replacement value is likely not appropriate because 'fair market value will ... provide[] the most reliable measure of . . . the full loss sustained by a victim.'" *United States v. Frazier*, 651 F.3d 899, 908 (8th Cir. 2011) (internal quotations and citations omitted). The replacement value is the appropriate measure of restitution "when the lost or damaged property lacks a viable market for determining fair market value or is unique and carries with it intangible value that cannot easily be measured." *Id.*

Nothing in the record suggests that the inventory safe, cash safe, or LAN rack lacked a viable market or were otherwise unique. To the contrary, Blaschko explains that "[Sprint] repurposes certain facilities equipment and can move certain facilities

---

[2] In the hearing on restitution, the government indicated that these activations might be usable for other devices. If so, the activations would not be included in lost profits at all.

equipment from one store to another," which suggests a market for the equipment. (Blaschko Aff. ¶ 12.) The government offers no evidence of the market value of the equipment when it was destroyed. Because replacement value is appropriate only in limited circumstances and because the record fails to establish that those circumstances are present here, the Court cannot order restitution for the victim until it has evidence of the market value of the damaged equipment.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The request for restitution is **DENIED without prejudice**;

2. The government may file a renewed motion for restitution supported by evidence of the actual value of inventory and equipment under Eighth Circuit law, within 30 days.

Dated: September 29, 2021          BY THE COURT:

                                   s/Nancy E. Brasel
                                   Nancy E. Brasel
                                   United States District Judge